930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lyman BRADSHAW, Defendant-Appellant.
 No. 90-5152.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court denying defendant Bradshaw's motion pursuant to 28 U.S.C. Sec. 2255 to vacate or set aside his sentence. Defendant appeals on the grounds that no grand jury was constituted and no proper indictment was returned against him. Defendant further alleges that he was denied effective assistance of counsel in the guilty plea proceeding and that he was not fully informed with respect to his plea of guilty. We affirm.
 
 
 3
 Defendant's allegations regarding the insufficiency of the indictment are meritless. Defendant signed a waiver of the indictment and was charged by a valid information. The transcript of defendant's September 6, 1990 hearing regarding a change of plea reveals clearly that he waived his right to a grand jury indictment.
 
 
 4
 Defendant's allegations that he was denied effective assistance of counsel because his attorney at the guilty plea proceeding failed to inform him adequately with respect to the issues and consequences related to a guilty plea also lack merit. The sentencing judge found that defendant's guilty plea was entered knowingly and voluntarily. At the plea hearing, the judge fully apprised defendant of his rights regarding entry of a plea pursuant to Federal Rule of Criminal Procedure 11. Defendant testified that he had consulted with his attorney and was satisfied with his attorney's representation. He further testified that he was in no way coerced to enter a guilty plea. Defendant has failed to allege any basis for a determination that his counsel's advice was "not 'within the range of competence demanded of attorneys in criminal cases.' " Tollett v. Henderson, 411 U.S. 258, 266 (1973) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3